03cv12247WGY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MODERN CONTINENTAL CONSTRUCTION CO., INC.<br><br>Plaintiff,<br><br>v.<br><br>RLI INSURANCE COMPANY<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION NO. _____<br>)<br>)<br>)<br>)    MAGISTRATE JUDGE _____<br>) |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Modern Continental Construction Company, by and through undersigned counsel, for its Complaint against RLI Insurance Company and states as follows:

### PARTIES

1.  Plaintiff Modern Continental Construction Company, Inc. ("Modern") is a Massachusetts corporation with its principal place of business located at 600 Memorial Drive, Cambridge, Massachusetts 02139.

2.  RLI Insurance Company ("RLI") is an Illinois corporation with its principal place of business located at 9025 North Lindbergh Drive, Peoria, Illinois 61615.

### JURISDICTION AND VENUE

3.  Jurisdiction is based on 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the plaintiff and the defendant and the amount in controversy exceeds $75,000.00.

AMOUNT $150
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. ____
11/14/03

#463252v3

4. Venue is proper pursuant to 28 U.S.C. § 1391(a) because the property insured is located in Boston, Massachusetts, the loss occurred there, and the majority of the events, acts and/or omissions giving rise to Modern's claim arose in the District of Massachusetts.

**FACTS**

5. In September 1999, Modern was awarded Contract No. E02CN15 by the Massachusetts Bay Transportation Authority to construct the Boston Electric Company slurry wall and West Cofferdam (the "Contract Works") on the South Boston Piers, Russia Wharf and Fort Point Channel Transitway Tunnel Project (the "Project").

6. RLI is an insurer who, for a valuable premium, provided builder's risk coverage in the amount of $261,947,399.00 under a specific policy of insurance (RLI Policy No. RBL0001186) to the Massachusetts Bay Transportation Authority covering the period September 3, 2000 to March 3, 2004 (hereinafter "Policy").

7. Modern was an Additional Insured under the Policy, and pursuant to Paragraph 10a of the Policy, Modern's Contract Works were covered under the Policy.

8. Excavation within the West Cofferdam began on September 10, 2001.

9. On November 15, 2001, a loss occurred when the excavation within the West Cofferdam flooded, and said flooding caused loss and damage to the Contract Works and resulted in a loss of ingress and egress to and from the Contract Works.

10. Modern immediately began performing remedial work to repair the flood damage to the Contract Works. Repairs continued through January 15, 2002.

11. On or about November 21, 2001, Modern submitted timely notice of its loss to RLI.

12. The loss and damage to Modern's Contract Works was unforeseeable and fortuitous.

13. The Policy insures the Contract Works against "all risk of direct physical loss of or damage" of the kind incurred by Modern.

14. The above-described flood caused, *inter alia*, physical loss and damage to the Contract Works, as well as loss of ingress and egress to and from the Contract Works, for which damage, physical loss, and loss of ingress and egress there was coverage under the Policy, and which damage, physical loss, and loss of ingress and egress were not excluded under the provisions of the Policy.

15. RLI has failed to acknowledge coverage for the physical loss and damage caused by the flooding or the resulting loss of ingress and egress to and from the Contract Works, and has failed to pay for any of the costs to repair the loss or which were sustained as a result of the loss of ingress and egress to the Contract Works.

16. Modern has incurred more than $750,000.00 of covered costs and expenses in excess of the Policy's "flood" deductible, which costs and expenses are owed to Modern by RLI.

## COUNT I
## BREACH OF CONTRACT

17. Modern realleges and incorporates by reference the allegations of Paragraphs 1 through 16 as set forth above.

18. Pursuant to the terms of the Policy, RLI was to provide coverage for risk of physical loss or damage to the Contract Works and loss of ingress and egress to the Contract Works.

19. Pursuant to the terms of the Policy, Modern made a valid claim under the Policy for the costs Modern incurred as a result of the physical loss or damage to the Contract Works and the loss of ingress and egress to and from the Contract Works which resulted from the flood.

20. RLI has failed, refused, and neglected to acknowledge coverage to Modern for the costs Modern incurred as a result of the physical loss or damage to the Contract Works and the loss of ingress and egress to the Contract Works which resulted from the flood.

21. RLI has breached and continues to breach the terms of the Policy.

22. RLI's breach of the Policy has caused and continues to cause Modern damage in excess of the Policy's "flood" deductible.

## COUNT II
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

23. Modern realleges and incorporates by reference the allegations of Paragraphs 1 through 22 as set forth above.

24. The Policy requires RLI to perform certain obligations, which obligations carry with them an implied covenant of good faith and fair dealing.

25. RLI has breached the implied covenant of good faith and fair dealing by:

    (a) failing and refusing to affirm or deny coverage of Modern's claim within a reasonable time after notice of loss was submitted to RLI;

    (b) failing and refusing to effectuate prompt, fair and equitable settlement of Modern's claim;

    (c) failing and refusing to settle even a portion of Modern's claims, where liability is more than reasonably clear; and

    (d) failing and refusing to provide promptly a reasonable explanation of the basis in the Policy, in relation to the facts and/or applicable law, for RLI's failure and refusal to pay any portion of Modern's claim.

26. As a result of RLI's breach of the implied covenant of good faith and fair dealing, Modern has sustained damages in an amount in excess of $750,000.00, plus interest and costs.

WHEREFORE, Modern Continental Construction Company, Inc. respectfully requests that judgment be entered in its favor against the RLI Insurance Company in an amount in excess of $750,000.00 to be determined at trial, plus interest, costs of this suit and such other and further relief as the Court deems proper.

## JURY DEMAND

Modern Continental Construction Co., Inc., demands a jury trial on all issues which are so triable.

Dated: November 13, 2003

Respectfully submitted,
**MODERN CONTINENTAL CONSTRUCTION CO., INC.**

_____
Joel Lewin, Esq.
BBO No. 289040
Eric Eisenberg, Esq. BBO No. 544682
Hinckley Allen Snyder LLP
28 State Street
Boston, MA 02109