UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MODERN CONTINENTAL )
CONSTRUCTION, INC., )  Civil Action No. 03 CV 12247 WGY
      Plaintiff )
 )
v. )
 )
RLI INSURANCE COMPANY, )
      Defendant )

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant RLI Insurance Company ("RLI"), by its attorneys, Regan & Kiely LLP, for its Answer to the Complaint of Modern Continental Construction, Inc. ("Modern"), states the following, upon information and belief:

### AS TO THE PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "1" of the Complaint.

2. Admits the allegations set forth in paragraph "2" of the Complaint.

### AS TO JURISDICTION AND VENUE

3. Admits the allegations set forth in paragraphs "3" and "4" of the Amended Complaint.

### AS TO FACTS

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

5. Deniess the allegations set forth in paragraphs "6" and "7" of the Complaint except admits that RLI issued its policy number RBL0001186 to Massachusetts Bay Transportation Authority (Owner) for the term of September 3, 2000 to March 3, 2004,

-2-

all of the terms, conditions and provisions of which defendant respectfully begs leave to refer at the trial and all other stages of this action and begs leave to refer all questions of law to the court.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "8" through "11" of the Complaint except that the defendant admits that it was notified of a claim for damages arising out of the failure of the West Cofferdam in the course of the construction of an extension of the existing subway station in Boston, Massachusetts from Atlantic/Congress Streets to a new station to be known as Courthouse.

7. Denies the allegations set forth in paragraphs "12" through "16" of the Complaint except admits defendant has made no payment with respect to the alleged loss and begs leave to refer to all of the terms, conditions and provisions of the Policy at the trial and all stages of the action and to refer all questions of law to the court.

## AS TO COUNT I - BREACH OF CONTRACT

8. RLI repeats, reiterates and realleges each of its responses to the allegations contained in paragraphs "1" through "16" of the Complaint to the extent those allegations are realleged in paragraph "17" of the Complaint.

9. Denies the allegations set forth in paragraphs "18" through "22" of the Complaint except admits that RLI issued policy number RBL0001186 to Massachusetts Bay Transportation Authority (Owner) for the term of September 3, 2000 to March 3, 2004, all of the terms, conditions and provisions of which defendant respectfully begs leave to refer at the trial and all other stages of this action and begs leave to refer all questions of law to the court

and admits that RLI was notified of a claim for damages arising out of the failure of the West Cofferdam in the course of construction of an extension of the existing subway station in Boston, Massachusetts from Atlantic/Congress Streets to a new station to be known as Courthouse.

### AS TO COUNT II - BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

10. RLI repeats, reiterates, and realleges each of its responses to the allegations contained in paragraphs "1" through "22" of the Complaint to the extent those allegations are realleged in paragraph "23" of the Complaint.

11. RLI denies the allegations set forth in paragraphs "24" through "26" of the Complaint and begs leave to refer all questions of law to the court.

### FIRST AFFIRMATIVE DEFENSE

12. The policy provides in pertinent part as follows:

   (6) Ingress/Egress: This policy is extended to cover the loss sustained during the period of time when, as a direct result of a peril insured against, ingress to or egress from real or personal property is thereby prevented.

13. By reason of the foregoing, to the extent that plaintiff's claim resulting from loss of ingress/egress is not the direct result of a peril insured against, defendant has no liability to plaintiff for such loss.

### SECOND AFFIRMATIVE DEFENSE

14. The Policy provides in pertinent part as follows:

   12. PERILS EXCLUDED

   This policy does not insure:

-4-

b. against the cost of making good defective design or specifications, faulty material or faulty workmanship, materials, or supplies; however, this exclusion shall not be applied to loss or damage resulting from such defective design or specifications, faulty material or faulty workmanship.

15. By reason of the foregoing, to the extent that plaintiff's losses represent the cost of making good defective design or specifications, faulty material or faulty workmanship, defendant has no liability to plaintiff.

## THIRD AFFIRMATIVE DEFENSE

16. If it is determined that coverage exists under the Policy, recovery is limited by all applicable deductibles, limits, sub-limits, and other provisions of the Policy relating to the extent of liability, if any.

## FOURTH AFFIRMATIVE DEFENSE

17. If it is determined that coverage exists under the Policy, RLI would not be liable to the extent that Modern has failed to comply with the conditions, terms and provisions of the Policy.

WHEREFORE, defendant, RLI Insurance Company demands judgment dismissing plaintiff's claims and such other relief as the Court deems proper.

> For the Defendant,
> RLI Insurance Company
> By its attorneys,
>
> **REGAN & KIELY LLP**
>
> _____
> Robert E. Kiely, Esquire (BBO #556640)
> 85 Devonshire Street
> Boston, MA 02109
> (617)723-0901

I hereby certify that a true copy of the above document was served upon the attorney of record for each party via first class mail on 5-10-04