IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MODERN CONTINENTAL CONSTRUCTION CO., INC.** ) ) ) ) Plaintiff, ) ) v. ) ) **RLI INSURANCE COMPANY** ) ) Defendant. ) ) | CIVIL ACTION NO. 03-12247-WGY |

## JOINT STATEMENT OF THE PARTIES

Pursuant to Local Rule 16.1 and the Court's Notice of Scheduling Conference, Plaintiff Modern Continental Construction Co., Inc. ("Modern") and Defendant RLI Insurance Company ("RLI") submit this statement and pre-trial schedule, including a plan for discovery.

### I. INTRODUCTION

This dispute arises out of excavation and construction work that was performed on the South Boston Piers, Russia Wharf and Fort Point Channel Transitway Tunnel (the "Project"). RLI provided builder's risk coverage on the Project. Modern was an additional insured under the RLI insurance policy (the "Policy").

The parties are in dispute over whether certain damages and losses are covered under the Policy. Modern asserts that it suffered damages and a loss of ingress and egress on the Project as a result of flooding of the Project's work area, and that those damages are covered under the Policy. RLI asserts that Modern's damages are not covered under the Policy. The Policy provides, in part:

> This Policy does not insure… [a]gainst the cost of making good defective design specifications, faulty material or faulty workmanship, materials, or supplies; however, this exclusion shall not be applied to loss or damage resulting from such defective design or specifications, faulty material or faulty workmanship.

Modern maintains that an early resolution of the coverage issues involved in this case will assist in streamlining issues for trial and will prevent the expenditure of the parties' and the Court's time and resources on potentially unnecessary discovery. For example, Modern contends that whether the flooding of the Project's work area was caused by a design defect or faulty workmanship is irrelevant to the question of coverage because the exception to the design and workmanship exclusion quoted above provides that the Policy covers loss or damage *resulting from* any such design defect or faulty workmanship. In other words, Modern asserts that demonstrating *why* the flooding occurred is not necessary when determining whether or not the loss or damage resulting from the flooding is covered under the Policy. Therefore, Modern proposes that the discovery plan in this action be divided into three (3) phases, the first and second of which shall address certain coverage issues. If the Court grants partial summary judgment consistent with Modern's interpretation of the Policy, it will likely be unnecessary for the parties to incur the substantial costs associated with discovery on the issue of causation.

RLI disagrees and asserts that the determination of whether certain damages claimed by Modern are the result of defective design specifications, faulty materials or faulty workmanship, materials or supplies and whether or not the loss or damage claimed was the result of such defective design specifications or constituted the cost of "making good" those defective elements is a factual determination and requires further inquiry

through discovery. RLI recognizes the desirability of streamlining discovery and will endeavor to do so within the parameters of the proposed discovery plan. In RLI's view, realistic assessment of the case, however, requires that factual discovery take place on the issue of defective design, workmanship and materials, and the issue of resulting damage as opposed to "making good," as these issues are central to the ultimate issue of coverage.

## II.   DISCOVERY PLAN

1. The parties agree that the scope of discovery in this matter shall conform to the requirements of Fed. R. Civ. P. 26(b).

2. The parties agree that they may each notice additional discovery pursuant to the applicable Rules, subject to the limits set forth herein, but shall attempt to minimize repetitive discovery requests by informal cooperation.

3. The parties agree that they shall exchange pretrial disclosures as ordered by the Court after the Court renders its decision(s) on any outstanding dispositive motion(s).

4. The parties agree that, in the event that there is a need for good cause shown to alter or amend these deadlines and/or discovery limitations, the parties shall attempt in good faith to resolve the issue informally before seeking relief from the Court. If the parties are unable to resolve discovery issues informally, they reserve their rights to file the appropriate motion with the Court seeking relief.

5. The parties agree that the failure to identify a particular form or method of discovery herein does not preclude the use of such discovery, for example, Requests for Admissions.

6. The parties disagree as to how factual and expert discovery shall be conducted in this case.

*<u>Modern proposes the following</u>*:

a) Discovery shall be conducted in three (3) phases, the first of which shall run from the date that the Court sets the pre-trial schedule through sixty (60) days from that date. <u>Phase I</u> discovery shall be limited to developing information needed for a realistic assessment of the coverage issue involved in this case.

b) Within thirty (30) days from the date that the Court sets the pre-trial schedule, Initial Requests for Production of Documents, limited to the issue of coverage, shall be served. The parties shall have thirty (30) days to respond.

c) In addition, during Phase I discovery, each party may notice a deposition of any other party pursuant to Rule 30(b)(6) to be conducted at least thirty (30) days following such notice and during Phase I of discovery. The subject matter of the Rule 30(b)(6) deposition shall be limited to the coverage issue as set forth in paragraph a, above.

d) During <u>Phase II</u>, which shall commence immediately following Phase I, the parties shall submit to the Court Partial Motions for Summary Judgment, if any, which shall address *only* coverage issues involved in this action. All such Motions shall be filed within thirty (30) days following the close of Phase I discovery.

e) If the case does not otherwise terminate, <u>Phase III</u> shall commence on the date that the Court rules on all outstanding Partial Motions for Summary Judgment

on the coverage issue and last for 120 days.[1]  During Phase III, the parties shall develop information related to the cause of the damages alleged by Modern and the damages alleged by Modern.

f)  During Phase III, the parties shall serve discovery requests under the applicable Rules and as follows:

- Initial Disclosures shall be served within thirty (30) days of the commencement of Phase III;

- Additional Requests for Production of Documents shall be served within thirty (30) days of the commencement of Phase III, and the parties shall have thirty (30) days to respond; and

- Interrogatories, limited to twenty-five (25), shall be served within thirty (30) days of the commencement of Phase III, and the parties shall have thirty (30) days to respond.

g)  In addition, during Phase III:

- Each party may notice a deposition of any other party pursuant to Rule 30(b)(6) to be conducted at least thirty (30) days following such notice and during Phase III.  The subject matter of the Phase III Rule 30(b)(6) deposition may include, but shall not be limited to, the issues of causation and damages as set forth in paragraph e, above;

- Each party may serve upon the Keeper of Records of any non-party a Notice of Subpoena Duces Tecum. The subject matter of the Phase III

---

[1] If neither party submits a Partial Motion for Summary Judgment during Phase II, Phase III shall commence thirty (30) days following the close of Phase I discovery.

5

> Keeper of Records depositions may include, but shall not be limited to, the issues of causation and damages as set forth in paragraph e, above;

- Each party may notice and conduct depositions of no more than five (5) fact witnesses, not including the parties' respective depositions of Keepers of Records. The subject matter of the Phase III fact witness depositions may include, but shall not be limited to, the issues of causation and damages as set forth in paragraph e, above;

- Each party may submit expert disclosures and reports, including, but not limited to, reports on the issue of causation, on or before ninety (90) days after Phase III begins. Within thirty (30) days after a party submits its expert disclosure and report, the other party may submit a responsive expert disclosure and report. Within thirty (30) days after a party submits its responsive expert disclosure and report, the other party may submit a rebuttal expert report;

- Each party may notice expert depositions on the issues of causation and damages so as to be conducted at least thirty (30) days following such notice and completed on or before the close of Phase III.

### *RLI proposes the following:*

a. Factual Discovery

Factual discovery, aimed at developing information needed for a realistic assessment of the liability and damages at issue, will commence immediately and will be completed by November 15, 2004. The factual discovery phase will include the exchange of interrogatories, document requests and requests

for admissions. Additionally, the factual discovery phase will also include all fact witness depositions.

b. Expert Disclosures

The plaintiff shall designate trial expert witnesses and shall disclose the information contemplated by Fed. R. Civ. P. 26(a)(2)(b) by December 15, 2004. The defendant shall designate trial expert witnesses and shall disclose the information contemplated by Fed. R. Civ. P. 26(a)(2)(b) by January 14, 2005.

c. Expert Depositions

If necessary, expert depositions will be completed by April 29, 2005.

## II.   MOTIONS SCHEDULE

1. The parties agree that they shall file with the Court all motions pursuant to Fed. R. Civ. P. 12 and Fed. R. Civ. P. 14 on or before thirty (30) days from the date that the Court sets the pre-trial schedule.

2. The parties agree that all dispositive motions must be filed with the Court on or before forty-five days (45) after the close of discovery. However, if the Court accepts Modern's proposed discovery plan (*see* paragraph 6(a)-(g), above), the parties agree that they may file Phase II motions as set forth in paragraph 6(d), above.

## III.   ADDITIONAL MATTERS

Pursuant to the Court's Notice of Scheduling Conference, the parties have discussed the possibility of mediation, as well as trial by magistrate judge. The parties intend to mediate in or around March 2005. One of the parties has declined a trial by magistrate.

| | |
|---|---|
| Respectfully submitted,<br><br>**MODERN CONTINENTAL CONSTRUCTION CO., INC.**<br><br>By its attorneys,<br><br>_____/ s /_____<br>Joel Lewin, Esq. (BBO #289040)<br>Eric F. Eisenberg, Esq. (BBO #544682)<br>Andrew W. Daniels, Esq. (BBO #552435)<br>Hinckley, Allen & Snyder LLP<br>28 State Street<br>Boston, MA  02109-1775<br>(617) 345-9000<br><br>DATED: June 17, 2004 | **RLI INSURANCE COMPANY**<br><br>By its attorneys,<br><br>_____/ s /_____<br>Robert E. Kiely, Esq. (BBO #556640)<br>Regan & Kiely LLP<br>85 Devonshire Street<br>Boston, MA  02109<br>(617) 723-0901 |